IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| OAK PLACE NORTHEAST BOZEMAN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CONTI BOZEMAN, LLC and 1302 CONTI, LLC,<br><br>    Defendants,<br><br>―――――――――――――――――<br><br>CONTI BOZEMAN, LLC,<br><br>    Counter-Claimant,<br><br>v.<br><br>OAK PLACE NORTHEAST BOZEMAN, LLC,<br><br>    Counter-Defendant. | CV 24–6–BU–DWM<br><br>ORDER |

Defendant Conti Bozeman, LLC, moves for the admission of Monika Dziemianczuk to practice before this Court in this case with Neil G. Westesen to act as local counsel. Dziemianczuk's application appears to be in order. However, it is the practice of this Court to limit the number of counsel in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *cf. In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably

1

related to promoting the orderly administration of justice or some other legitimate policy of the courts.") (internal citation omitted).  A surfeit of counsel impedes this mandate by, *inter alia*, confusing points of contact for the opposing party.  *Cf. United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996) ("[C]ounsel from other jurisdictions may be significantly more difficult to reach . . . than local counsel.").  While the present motion is granted, no more than four attorneys will be permitted to appear for any party.  Nothing in this limitation prevents counsel from using his or her firm resources and internal assignments to assure adequate representation for the client.

    Accordingly, IT IS ORDERED that Defendant's motion to admit Monika Dziemianczuk *pro hac vice* (Doc. 41) is GRANTED on the condition that *pro hac* counsel shall do his or her own work.  This means that *pro hac* counsel must do his or her own writing; sign his or her own pleadings, motions, and briefs; and appear and participate personally.  Use of generative AI drafting programs, such as Chat GPT, is prohibited.  Counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

    IT IS FURTHER ORDERED that this Order is subject to withdrawal unless *pro hac* counsel, within fifteen (15) days of the date of this Order, files a notice acknowledging counsel's admission under the terms set forth above.  In that notice,

counsel shall also designate a single attorney with the authority to make any and all decisions related to the administration of this case as the primary point of contact for the opposing party.

DATED this 18th day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court